IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| INDIANDA YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-3205-CV-S-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### **ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR RECONSIDERATION**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and Supplemental Security Income ("SSI") benefits. The Commissioner's decision is reversed, and the case is remanded for reconsideration.

After reviewing the Record and the parties' arguments, the Court is not convinced the final decision is supported by substantial evidence in the Record as a whole. On remand, the following issues should be developed and considered:

1. The ALJ issued his ruling in February 2012. Thereafter (but before the Appeals Council affirmed the ruling) Plaintiff went to Burrell Behavioral Health Center on two occasions (in December 2012 and January 2013) and saw Dr. Charles Thomas. In addition to the records from those visits, in February, Dr. Thomas completed a Medical Source Statement-Mental ("MSS-M"). All of these records were part of the Record before the Appeals Council, which ultimately affirmed the ALJ's decision in March 2013. The Court must consider the entire Record – including the evidence accepted by the Appeals Council – in determining whether substantial evidence supports the denial of benefits. E.g., McDade v. Astrue, 720 F.3d 994, 1000 (8th Cir. 2013). This is true even though the ALJ did not have the opportunity to consider Dr. Thomas' records when making his decision. While the inclusion of such evidence does not automatically

deprive the ALJ's decision of the requisite support, in this case the Court believes Dr. Thomas' records undermine the sufficiency of the evidence in support of the final decision (particularly in light of the additional concerns outlined below). On remand, the Commissioner shall consider Dr. Thomas' records and any other records from subsequent visits[1] that bear on the issues to be decided.

2.      The ALJ discounted Plaintiff's credibility for a variety of reasons, including her failure to consistently seek treatment and her failure to consistently follow doctors' instructions. However, the Record suggests several reasons why Plaintiff may not have sought treatment on a regular basis. First, there is evidence that she had difficulty affording some of her prescriptions, and that she also had difficulty completing the paperwork necessary to arrange for Medicaid. The inability to afford treatment can serve as a valid explanation for not seeking treatment and would preclude the ALJ from discounting Plaintiff's credibility for this reason. E.g., Blakeman v. Astrue, 509 F.3d 878, 888 (8th Cir. 2007). Second, the Record suggests the very nature of her disability -- a combination of bipolar and personality disorders, anxiety, PTSD, and anger control disorder – contributed to her failure to consistently seek treatment and instead led her to "self-medicate" or withdraw from treatment. These same conditions may have contributed to her failure (or inability) to follow directions – particularly given the simultaneous opinions of those same doctors, who documented Plaintiff's difficulty in remembering and following directions. The Court rejects Plaintiff's intimation that the Eighth Circuit's decision in Pates-Fires v. Astrue mandates the conclusion that a claimant's psychological difficulties *always* serves as an excuse for the failure to seek treatment or follow the doctor's orders. Cf. Wildman v. Astrue, 596 F.3d 959, 965-66 (8th Cir. 2010). However, Pates-Fires may apply in this particular case because there is evidence tending to suggest that Plaintiff's noncompliance and failure to seek treatment was attributable to her mental evidence and thus serves as a good reason for actions and inactions – and, ultimately, means her failure has no bearing on her credibility. 564 F.3d 935, 945-46 (8th Cir. 2009).

---

[1]The Court does not know if there were subsequent visits, but if there were any records they could not have been made part of the Record after the Appeals Council issued its decision in March.

3. The ALJ also discounted Plaintiff's credibility for a variety of reasons that do not strike the Court as particularly relevant to the issue of credibility. In particular, the ALJ described Plaintiff as providing "inconsistent descriptions of her symptoms." The ensuing discussion documents a variety of symptoms (sleeplessness, hallucinations, and varying reports of manic episodes). The Record clearly establishes Plaintiff suffers from a combination of bipolar and personality disorders, anxiety, PTSD, and anger control disorder – and the ALJ so found. In light of this fact, it seems that Plaintiffs varying reports are entirely consistent with these conditions.

4. The ALJ found Plaintiff not credible because she appeared to be exaggerating her symptoms to get benefits. For support, the ALJ cited the report of Doctor Alwyn Whitehead (a psychologist), whom he described as "the only psychologist in the medical evidence of record to treat the claimant for an extended period of time." The ALJ focused on Dr. Whitehead's attempt to administer a test (the Milan Clinical Multiaxial Inventory – III). Dr. Whitehead described the results as "invalid" and further explained that the results were "unusually high, indicating a tendency to be self-deprecating, to complain excessively, or to be extremely vulnerable and defenseless. As a result, it was not possible to interpret her scores." R. at 325-26. Dr. Whitehead does not suggest Plaintiff was exaggerating to get benefits; indeed, exaggeration and victimization appear to be among the symptoms of Plaintiff's psychological maladies. Elsewhere in the same report, Dr. Whitehead details other aspects of Plaintiff's condition that place this passage in context, and strongly suggests the ALJ did not fully evaluate the entirety of Dr. Whitehead's report.

5. While the ALJ noted Plaintiff's failure to stay with any medical care provider for an overly extended period of time, the ALJ should have noted that every medical care provider arrived at remarkably similar conclusions about Plaintiff's condition. This seeming unanimity should lend some credence to Plaintiff's testimony.

6. Finally, the Court notes that the ameliorative effects of medication have not been fully considered. As noted above, Plaintiff's failure to take prescribed medication may be due to a combination of her inability to afford medication and the consequences of the condition requiring treatment. It may be that Plaintiff's condition is ameliorated with medication – but if so, that is an issue the ALJ should consider on remand.

The case is remanded for further proceedings, which should minimally include consideration of the issues summarized above.

IT IS SO ORDERED.

DATE: February 24, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT